Funes Menjivar v. Sessions

BIA
A095 041 878

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of February, two thousand seventeen.

PRESENT:
        RALPH K. WINTER,
        PETER W. HALL,
        SUSAN L. CARNEY,
            *Circuit Judges.*
_____

MANUEL DE JESUS FUNES MENJIVAR,
        *Petitioner,*

        v.                                    15-2088
                                              NAC
JEFF SESSIONS, UNITED STATES
ATTORNEY GENERAL,[1]
        *Respondent.*
_____

FOR PETITIONER:        Maggy T. Duteau, New York, NY.

FOR RESPONDENT:        Benjamin C. Mizer, Principal Deputy
                       Assistant Attorney General; Greg D.
                       Mack, Senior Litigation Counsel;

---

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Jeff Sessions is automatically substituted for former Attorney General Loretta E. Lynch as the Respondent in this case.

Christina P. Greer, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED.

Petitioner Manuel De Jesus Funes Menjivar, a native and citizen of El Salvador, seeks review of a May 29, 2015 decision of the BIA denying his motion to reopen. *In re Manuel De Jesus Funes Menjivar,* No. A095 041 878 (B.I.A. May 29, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

In the main, Funes challenges the IJ's reasoning for denying cancellation. But he did not petition for review of that decision. *See Stone v. INS*, 514 U.S. 386, 405 (1995) (requiring separate timely petitions for review of the final removal order and the denial of a motion to reconsider or reopen); *Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam) (same). Funes's contentions that the IJ failed to consider the implications of El Salvador's temporary protective status or his country conditions evidence are therefore not before the Court.

2

Funes also challenges the BIA's denial of his motion to reopen. As a general matter, we review such a decision "for abuse of discretion, mindful that motions to reopen 'are disfavored.'" *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (quoting *INS v. Doherty*, 502 U.S. 314, 322-23 (1992)). But we lack jurisdiction to review the agency's denial of cancellation of removal based on an alien's failure to establish "exceptional and extremely unusual hardship," 8 U.S.C. 1229b(b)(1)(D), because that is a discretionary determination reserved for the agency*, see* 8 U.S.C. § 1252(a)(2)(B)*; Barco-Sandoval v. Gonzales*, 516 F.3d 35, 39 (2d Cir. 2008). We nevertheless retain jurisdiction to review constitutional claims and questions of law with respect to cancellation, 8 U.S.C. § 1252(a)(2)(D), which may "'arise for example in fact-finding which is flawed by an error of law' or 'where a discretionary decision is argued to be an abuse of discretion because it was made without rational justification or based on a legally erroneous standard,'" *Barco-Sandoval*, 516 F.3d at 39 (quoting *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (2d Cir. 2006)). To ascertain whether a petitioner raises constitutional challenges or questions of law over which this Court has jurisdiction, we "study the argument[] asserted

[and] . . . determine, regardless of the rhetoric employed in the petition, whether it merely quarrels over the correctness of the factual findings or justification for the discretionary choices, in which case the court would lack jurisdiction." *Xiao Ji Chen*, 471 F.3d at 329. For example, we have found an error of law in a hardship determination where "facts important to the subtle determination of 'exceptional and extremely unusual hardship' have been totally overlooked and others have been seriously mischaracterized." *Mendez v. Holder*, 566 F.3d 316, 323 (2d Cir. 2009).

Here, we lack jurisdiction over the petition: Funes's assertion that the BIA failed to consider his daughter's speech condition merely employs the rhetoric of a question of law to challenge the agency's discretionary hardship determination. *See Xiao Ji Chen*, 471 F.3d at 329. The BIA reviewed Funes's evidence and concluded that reopened proceedings would not reach a different outcome. *See Matter of Coelho*, 20 I. & N. Dec. 464, 473 (B.I.A. 1992); 8 C.F.R. § 1003.2(c). That determination, in any event, was reasonable. Some of the school reports predated the merits hearing and therefore were not new evidence. Those that postdated the hearing did not reflect substantial impairment. The BIA likewise had the

4

discretion to find that the reports failed to demonstrate that Funes's daughter's educational needs, such as they are, will go unaddressed if she remains in the United States without her father. Diminished educational opportunities rarely constitute exceptional and extremely unusual hardship. *See In re Andazola-Rivas*, 23 I. & N. Dec. 319, 323 n.1 (B.I.A. 2002) ("[A] finding that diminished educational opportunities result in 'exceptional and extremely unusual hardship' would mean that cancellation of removal would be granted in virtually all cases involving [applicants] from developing countries who have young United States citizen or lawful permanent resident children[, which] . . . is not consistent with congressional intent.").

For the foregoing reasons, the petition for review is DISMISSED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5